UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISTY L. DELOZIER ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 2:22-cv-00013-SEP |
| ) | |
| KILOLO KIJAKAZI, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This is an action under 42 U.S.C. §§ 405(g) for judicial review of the final decision of Defendant Kilolo Kijakazi, the Acting Commissioner of Social Security, denying the application of Plaintiff Misty L. Delozier for Disability Insurance Benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.* and Supplemental Security Income (SSI) under Title XVI of the Act, 42 U.S.C. § 1381 *et seq.* Because there is substantial evidence to support the decision denying benefits, the Court will affirm the Commissioner's denial of Plaintiff's application.

**I.    BACKGROUND**

On October 29, 2017, Plaintiff filed for DIB and SSI (Tr. 152-53, 335-37), alleging that she had been unable to work due to disability since July 7, 2017.  Plaintiff alleged disability due to epilepsy, seizures, depression, anxiety, panic attacks, high blood pressure, and memory loss. (Tr. 389).  Her application was denied, and Plaintiff filed a Request for Hearing by Administrative Law Judge (ALJ).  (Tr. 184, 192).  On April 11, 2019, the ALJ held a hearing on Plaintiff's claim. (Tr. 34-67).

In an opinion issued on July 17, 2019, the ALJ found Plaintiff was not disabled as defined in the Act.  (Tr. 157-76).  Plaintiff filed a Request for Review of Hearing Decision with the Social Security Administration's (SSA) Appeals Council, which, on July 7, 2020, vacated the decision and remanded the case to the ALJ for further evaluation of the medical source opinions.  (Tr. 179-80). Following remand, the ALJ held a new hearing (Tr. 68-104) on November 5, 2020, and again issued an unfavorable decision on April 14, 2021.  (Tr. 9-33).  Plaintiff has exhausted all administrative remedies, and the decision of the ALJ stands as the final decision of the Acting Commissioner of the Social Security Administration.

**II.     STANDARD FOR DETERMINING DISABILITY UNDER THE ACT**

To be eligible for benefits under the Act, a claimant must prove he or she is disabled. *Pearsall v. Massanari,* 274 F.3d 1211, 1217 (8th Cir. 2001); *Baker v. Sec'y of Health & Human Servs.*, 955 F.2d 552, 555 (8th Cir. 1992). The Act defines as disabled a person who is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A); 1382c(a)(3)(A); *see also Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The impairment must be "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." 42 U.S.C. §§ 423(d)(2)(A); 1382c(a)(3)(B).

To determine whether a claimant is disabled, the Commissioner engages in a five-step evaluation process. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a);[1] *see also McCoy v. Astrue*, 648 F.3d 605, 611 (8th Cir. 2011) (discussing the five-step process). At Step One, the Commissioner determines whether the claimant is currently engaging in "substantial gainful activity"; if so, then he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i); *McCoy*, 648 F.3d at 611. At Step Two, the Commissioner determines whether the claimant has a severe impairment, which is "any impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities"; if the claimant does not have a severe impairment, he is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c); *McCoy*, 648 F.3d at 611. At Step Three, the Commissioner evaluates whether the claimant's impairment meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. §§ 404.1520(a)(4)(iii); *McCoy*, 648 F.3d at 611. If the claimant has such an impairment, the Commissioner will find the claimant disabled; if not, the Commissioner proceeds with the rest of the five-step process. 20 C.F.R. §§ 404.1520(d); *McCoy*, 648 F.3d at 611.

Prior to Step Four, the Commissioner must assess the claimant's "residual functional capacity" (RFC), which is "the most a claimant can do despite [his or her] limitations." *Moore v.*

---

[1] All references throughout this opinion are to the version of the regulations that was in effect as of the date of the ALJ's decision.

2

*Astrue*, 572 F.3d 520, 523 (8th Cir. 2009) (citing 20 C.F.R. § 404.1545(a)(1)); *see also* 20 C.F.R. §§ 404.1520(e). At Step Four, the Commissioner determines whether the claimant can return to his past relevant work by comparing the claimant's RFC with the physical and mental demands of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f); *McCoy*, 648 F.3d at 611. If the claimant can perform his past relevant work, he is not disabled; if the claimant cannot, the analysis proceeds to the next step. *Id.* At Step Five, the Commissioner considers the claimant's RFC, age, education, and work experience to determine whether the claimant can make an adjustment to other work in the national economy; if he cannot make such an adjustment, he will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *McCoy*, 648 F.3d at 611.

Through Step Four, the burden remains with the claimant to prove that he is disabled. *Moore*, 572 F.3d at 523. At Step Five, the burden shifts to the Commissioner to establish that, given the claimant's RFC, age, education, and work experience, there are a significant number of other jobs in the national economy that the claimant can perform. *Id.*; *Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012).

### III.   THE ALJ'S DECISION

Applying the foregoing five-step analysis, the ALJ here found that Plaintiff has not engaged in substantial gainful activity since the alleged onset date; that Plaintiff has the severe impairments of temporal lobe epilepsy with seizures, degenerative disc disease of the cervical and lumbar spine, patellofemoral degenerative joint disease of the right knee, obesity, anxiety, depression, and post-traumatic stress disorder; and that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 15). The ALJ found that Plaintiff has the RFC to perform a range of sedentary work, except she could only occasionally climb ramps and stairs; could never climb ladders, ropes, or scaffolds; could never balance; could only occasionally stoop, kneel, crouch, or crawl; must avoid concentrated exposure to extremes of heat or cold, wetness, humidity, and pulmonary irritants; must avoid all exposure to workplace hazards such as the operational control of moving machinery and unprotected heights; and is limited to simple, routine, and repetitive tasks in a low stress job defined as occasional, simple work-related decisions, minimal changes in work setting or routine, and no paced production quotas. The ALJ also found that her job responsibilities must involve working with things more than people, such that contact and verbal instructions would

be minimal on a day-to-day basis, and that she could have only casual and infrequent contact with co-workers with no tandem tasks and only occasional supervision. (Tr. 19).

The ALJ found that Plaintiff's impairments precluded her from her past relevant work. (Tr. 25). However, considering Plaintiff's age, education, and work experience, and in reliance on the testimony of a vocational expert, the ALJ found that Plaintiff would be able to perform some occupations, including business services clerk (Dictionary of Occupational Titles (DOT) No. 249.587-014, sedentary exertion level, 11,835 jobs in the national economy), addresser (DOT No. 209.587-010, sedentary exertion level, 2,711 jobs in the national economy), and touch up screener (DOT No. 726.684-110, sedentary exertion level, 1,013 jobs in the national economy). (Tr. 26). The ALJ concluded that Plaintiff was not disabled, as defined in the Act, from the alleged onset date through the date of the decision. (Tr. 26).

### IV.   STANDARD FOR JUDICIAL REVIEW

This Court must affirm the Commissioner's decision if it complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Pate-Fires v. Astrue*, 564 F.3d 935, 942 (8th Cir. 2009); *Estes v. Barnhart*, 275 F.3d 722, 724 (8th Cir. 2002). "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains 'sufficien[t] evidence' to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Pate-Fires*, 564 F.3d at 942. *See also Biestek*, 139 S. Ct. at 1154 ("Substantial evidence . . . means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'") (quoting *Consolidated Edison*, 305 U.S. at 229).

In determining whether substantial evidence supports the Commissioner's decision, the Court considers both evidence that supports that decision and evidence that detracts from that decision. *Renstrom v. Astrue*, 680 F.3d 1057, 1063 (8th Cir. 2012). However, the Court "'do[es] not reweigh the evidence presented to the ALJ, and [it] defer[s] to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence.'" *Id.* at 1064 (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)). "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from

4

the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Partee v. Astrue*, 638 F.3d 860, 863 (8th Cir. 2011) (quoting *Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005)).

## V.   DISCUSSION

Plaintiff argues that the ALJ's determinations of Plaintiff's physical RFC and mental RFC are not supported by substantial evidence. In particular, Plaintiff contends that the ALJ did not give due consideration to Plaintiff's treating physicians' opinions in making those determinations. Defendant counters that the ALJ properly evaluated and considered all evidence of record when reaching the RFC, that the ALJ properly considered and evaluated Plaintiff's physicians' opinions, and that substantial evidence otherwise supports the ALJ's determination.

As described above, this Court's role is to determine whether the ALJ's findings are supported by substantial evidence on review of the record as a whole. *See* 42 U.S.C. §§ 405(g); 1383(c)(3); *Richardson*, 402 U.S. at 401; *Pate-Fire*, 564 F.3d at 942; *Estes*, 275 F.3d at 724. As long as there is substantial evidence in the record that supports the decision, this Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).

The Court has reviewed the entire transcript and the parties' briefs. Based on a careful review of the record, and for the reasons stated in the ALJ's opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit. The Court further finds that the record as a whole reflects substantial evidence to support the ALJ's decision. *See Sledge v. Astrue*, 364 Fed. App'x 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

The Court acknowledges that the record contains conflicting evidence, and that the ALJ could have reached a different conclusion. However, this Court's task is not to reweigh the evidence presented to the ALJ. The ALJ's weighing of the evidence here fell within the available "zone of choice," and the Court cannot disturb that decision merely because it might have reached a different conclusion. *See Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## VI.   CONCLUSION

Having reviewed the entire record, the Court finds that the ALJ made a proper RFC determination based on a fully and fairly developed record. Consequently, the Court determines that the ALJ's decision is supported by substantial evidence.

Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the decision of the Commissioner of Social Security is **AFFIRMED**.

Dated this 17th day of March, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE